**IT IS ORDERED as set forth below:**



**Date: February 23, 2018**

_____
**Wendy L. Hagenau**
**U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 17-65664-WLH |
| UNLIMITED HOMES, INC., | CHAPTER 7 |
| Debtor. | |
| UNLIMITED HOMES, INC., | ADVERSARY PROCEEDING NO. 17-5269-WLH |
| Plaintiff, | |
| v. | |
| THE BANK OF NEW YORK MELLON, FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATE-HOLDERS OF CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2006-25, SPECIALIZED LOAN SERVICING, LLC, MCCALLA RAYMER LEIBERT PIERCE, LLC, NAJARIAN CAPITAL, LLC, AND ZAREH NAJARIAN, INDIVIDUALLY, | |
| Defendants. | |

1

**ORDER**

On November 2, 2017, Plaintiff filed a complaint alleging that Defendants willfully violated the automatic stay and seeking damages including attorney's fees and punitive damages. This matter is before the Court on the motions to dismiss filed by Defendants The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Certificateholders of CWABS, Inc., Asset-Backed Certificates Services 2006-25 ("BONY"), Specialized Loan Servicing LLC, and McCalla Raymer Leibert Pierce, LLC (collectively "the BONY Defendants") (Doc. No. 10), and Najarian Capital LLC and Zareh Najarian ("the Najarian Defendants") (Doc. No. 14).

## I.  FACTS

Plaintiff filed a petition under chapter 7 of the Bankruptcy Code on September 5, 2017. Shortly after filing bankruptcy, Plaintiff faxed notice of the bankruptcy to Defendant McCalla Raymer and also called it to discuss the status of a pending foreclosure. That same day, a foreclosure sale was conducted and the real property at 3113 Pier One, Jonesboro, GA 30326 (the "Property") was sold to a third party purchaser, Najarian Capital LLC. After the foreclosure sale, Najarian Capital began dispossessory proceedings on the Property.

On September 8, 2017, BONY filed a motion for relief from the automatic stay as to the Property. BONY also sought an order annulling the automatic stay *nunc pro tunc* and validating the September 5, 2017 foreclosure sale. Plaintiff responded, and the Court held a hearing on the motion for relief on October 12, 2017. On October 27, 2017, the Court entered an order modifying the automatic stay to allow BONY to pursue its rights and remedies as to the Property and providing that such relief was granted in rem pursuant to 11 U.S.C. § 362(d)(4). The Court, however, denied the request to annul the automatic stay *nunc pro tunc*.

On November 2, 2017, Plaintiff filed the complaint alleging that Defendants willfully

violated the automatic stay. Plaintiff seeks attorney's fees and punitive damages.

## II. MOTION TO DISMISS STANDARD

Defendants seek dismissal of the complaint pursuant to Federal Rule of Bankruptcy Procedure 12(b)(6), made applicable by Federal Rule of Bankruptcy Procedure 7012, for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 554, 570 (2007)). A complaint is plausible on its face when the plaintiff pleads factual content necessary for the court to draw the reasonable inference that the defendant is liable for the conduct alleged. Id.

While the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," Iqbal, 556 U.S. at 678, the purpose of a motion to dismiss is not to resolve disputed facts or decide the merits of a case. Rather, the purpose of a motion to dismiss is to ensure that the plaintiff has provided notice of the grounds which entitle him to relief. Twombly, 550 U.S. at 561. The facts alleged must be taken as true, and dismissal is inappropriate merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits. Official Comm. of Unsecured Creditors of Tousa, Inc. v. Technical Olympic, S.A. (In re Tousa), 437 B.R. 447, 452 (Bankr. S.D. Fla. 2010) (citing Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008)).

## III. ANALYSIS

The Bankruptcy Code provides that a creditor must stay all proceedings against a debtor and its property after the debtor files a petition for bankruptcy. 11 U.S.C. § 362(a)(1). Section 362(a)(1) states that "a petition filed under . . . this title . . . operates as a stay, applicable to all

3

entities, of the commencement or continuation, including the issuance or employment of process, of a judicial . . . action or proceeding against the debtor . . . or to recover a claim against the debtor that arose before the commencement of the case under this title." Id.  The automatic stay is one of the most important provisions of the Bankruptcy Code and is designed to afford debtors "breathing space" to reorder their affairs, make peace with their creditors, and enjoy a clear field for future effort.  See NLRB v. Bildisco & Bildisco, 465 U.S. 513 (1984).

If a creditor willfully violates the automatic stay, the Bankruptcy Code establishes a mechanism both to provide compensation for the offense and to punish the offender.  Section 362(k) of the Bankruptcy Code provides as follows:

> Except as provided in paragraph (2), an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

11 U.S.C. § 362(k)(1).

The section refers to an "individual."  The term "individual" is not defined in the Bankruptcy Code.  Some courts have held that the section 362(k) remedies are available *only* to individual debtors.  For example, the Second Circuit Court of Appeals held in In re Chateaugay Corp., 920 F.2d 183 (2d Cir. 1993), that section 362(k) may not be used by corporate debtors and is limited to debtors who are "natural persons."  The court reasoned that the term "individual" as used elsewhere in the Bankruptcy Code does not include corporations, partnerships, and government.  A majority of courts have adopted this approach, including the Eleventh Circuit. See Jove Eng'g, Inc. v. IRS, 92 F.3d 1539 (11th Cir. 1996).  In Jove, 92 F.3d 1539, the Eleventh Circuit agreed with Chateaugay that the term "individual" in section 362(k) does not include a corporation.

The court went on to find, though, that the debtor – a corporate entity – was entitled to

4

relief under the court's contempt powers pursuant to section 105 of the Bankruptcy Code. Jove, 92 F.3d at 1560 (the debtor "is not an 'individual' entitled to relief under 11 U.S.C. § 362(h), but [the debtor] may seek discretionary relief under the statutory powers of 11 U.S.C. § 105(a) which are distinct from the court's inherent powers"). The court explained that section 105 creates a statutory contempt power in bankruptcy proceedings, distinct from the court's inherent contempt powers, that grants courts independent statutory powers to award monetary and other forms of relief for automatic stay violations to the extent such awards are "necessary or appropriate" to carry out the provisions of the Bankruptcy Code. Id. at 1554. The court noted that the award of damages, including attorney's fees, under section 105(a) is discretionary. Id. at 1559; *see also* Johnston Envtl. Corp. v. Knight (In re Goodman), 991 F.2d 613, 620 (9th Cir. 1993) (explaining that while section 362(k) provides for mandatory damages (pursuant to § 362(k), an individual injured "shall" recover damages), damages under section 105(a) are permissive). Additionally, while section 362(k) provides for punitive damages, section 105(a) provides no authority for the imposition of punitive damages for violations of the automatic stay. Jove, 92 F.3d at 1559. Thus, in the Eleventh Circuit, a corporation may seek damages for a willful violation of the automatic stay under section 105(a). *See e.g.,* In re Allied Holdings, Inc., 355 B.R. 372 (Bankr. N.D. Ga. 2006).

A violation of the automatic stay is "willful" if the party (1) knew the automatic stay was invoked and (2) intended the actions which violated the stay. The fact that the party did not intend to violate the automatic stay and acted without malice does not preclude a finding of contempt and an assessment of appropriate sanctions. Id. A willful violation does not require a specific subjective intent to violate the stay. Rather, a willful violation may be found if the creditor knew of the automatic stay and its actions were intentional. When a creditor has actual

5

knowledge that a debtor has filed a bankruptcy petition, the creditor has an affirmative duty to terminate or undo any action which violates the automatic stay.

Section 105(a) grants courts independent statutory powers to award monetary and other forms of relief for automatic stay violations to the extent such awards are "necessary or appropriate" to carry out the provisions of the Bankruptcy Code, Jove, 92 F.3d at 1554, and courts liberally allow discretionary sanctions under section 105(a) of the Bankruptcy Code. Henkel v. Lickman (In re Lickman), 297 B.R. 162, 195 (Bankr. M.D. Fla. 2003). Damages for violations of the automatic stay assessed under section 105(a) can include damages designed to compensate the complainant for actual losses and to coerce compliance with the automatic stay. Allied Holdings, 355 B.R. at 378. Expenses may be recoverable even in the absence of other actual damages. For example, in In re Omni Graphics, Inc., 119 B.R. 641, 645 (Bankr. E.D. Wis. 1990), the court explained that attorneys' fees and costs are in and of themselves a form of damages that can be awarded in the absence of other actual damages. *See also* Kirk v. Shawmut Bank (In re Kirk), 199 B.R. 70, 73 (Bankr. N.D. Ga. 1996) (awarding $500 in attorney's fees as the only compensatory damages).

### IV.   APPLICATION

Plaintiff alleges that Defendants willfully violated the automatic stay and seeks monetary sanctions, including attorney's fees and punitive damages. However, according to well established Eleventh Circuit precedent, Plaintiff cannot seek damages under section 362(k) since Plaintiff is not an individual. Accordingly, the complaint will be dismissed to the extent it seeks monetary damages arising from alleged violations of the automatic stay under section 362(k).

Plaintiff's claim for damages can, however, survive under section 105(a). Taking the facts alleged as true, the complaint provides sufficient factual matter to state a plausible claim the

Defendants willfully violated the automatic stay. The Court granted BONY relief from the automatic stay, but it declined to annul the automatic stay *nunc pro tunc* and did not grant relief retroactively. That the Court granted BONY prospective relief does not nullify any actions that Defendants took after Plaintiff filed bankruptcy and before the Court modified the stay. Taking the facts alleged as true, it is plausible that Defendants knew the automatic stay was invoked and intended actions that violated the stay.

The BONY Defendants argue the complaint fails to state a claim because Plaintiff does not allege that it was injured. BONY seems to argue the Plaintiff could not have been injured by the stay violation because the stay was ultimately lifted. BONY ignores Plaintiff's allegations that attorney's fees were incurred in responding to BONY's actions. As stated above, attorney's fees can be recovered as damages for a stay violation. Courts liberally allow discretionary sanctions under section 105(a) of the Bankruptcy Code. The Court will not award damages based on conjecture but rather on proof submitted to the Court. While the Court will not decide whether Plaintiff is entitled to recover damages and the measure of potential damages at this stage in the litigation, dismissal is inappropriate merely because Defendant claims it is unlikely Plaintiff can prove it is entitled to recover attorney's fees.

The Najarian Defendants argue the complaint does not allege they took any actions that violated the stay. The Court disagrees. The complaint alleges that Najarian Capital filed a dispossessory action after Plaintiff filed bankruptcy and before the stay was modified. When a creditor has actual knowledge that a debtor has filed a bankruptcy petition, the creditor has an affirmative duty to terminate or undo any action which violates the automatic stay. Taking the facts alleged in the complaint as true, it is plausible the Najarian Defendants willfully violated the automatic stay.

Plaintiff's claim for punitive damages, however, should be dismissed. Section 105(a) provides no authority for the imposition of punitive damages for violations of the automatic stay. Accordingly, Plaintiff's claim for punitive damages is dismissed.

## V. CONCLUSION

For the reasons stated above, the Motions are **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's claim for willful violation of the automatic stay under section 362(k) and Plaintiff's claim for punitive damages are **DISMISSED**. The Court will consider Plaintiff's claim that Defendants violated the automatic stay under section 105(a).

The Clerk's Office is directed to serve a copy of this Order on Plaintiff and its counsel, Defendants and their counsel, and the Chapter 7 Trustee.

**END OF DOCUMENT**